**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.:**

CHRISTOPHER FONT,

      PLAINTIFF,

v.

TOWN OF SURFSIDE, FLORIDA, a municipal corporation,
and JOSE PACHECO, individually,

      DEFENDANTS.

_____/

## COMPLAINT

1)     This a civil action seeking money damages in excess of $15,000 dollars, exclusive of costs, interest, and attorney's fees, arising out of violations of federal law and state torts detailed below against the TOWN OF SURFSIDE, Florida, and JOSE PACHECO, individually.

2)     This action is brought pursuant to 42 U.S.C. § 1983, and the First, Fourth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1332, 1343 and 1367, 42 U.S.C. § 1988 and the constitutional provision mentioned above. PLAINTIFF further invokes the supplemental jurisdiction of the United States District Court to hear pendant state tort claims arising under state law pursuant to 28 U.S.C. § 1367(a).

3)     The acts and practices constituting the violations alleged below have occurred within the jurisdiction of the United States District Court, in and for the Southern District of Florida.

4)      PLAINTIFF CHRISTOPHER FONT [hereinafter PLAINTIFF] is over 18 years of age, *sui juris,* and a resident of Miami-Dade County, State of Florida. PLAINTIFF has also agreed to pay the undersigned a reasonable fee for his service.

5)      At all times material, DEFENDANT TOWN OF SURFSIDE [hereinafter TOWN] was a municipal corporation of the State of Florida and has its place of business in the TOWN of SURFSIDE in Miami-Dade County in the Southern District of Florida, is *sui juris*, and acted through its agents, employees, and servants including police officers. The SURFSIDE Police Department [hereinafter DEPARTMENT] is an agency of the TOWN.

6)      At all times material hereto, DEFENDANT JOSE PACHECO [hereinafter PACHECO] was over 18 years of age, *sui juris*, sued in his individual capacity and was acting under the authority of the State of Florida and under color of law as a police officer for the TOWN, and in such capacity, as an agent, servant, and employee of the TOWN.

7)      All conditions precedent to the filing of this lawsuit have been fulfilled pursuant to Florida Statutes §768.28.

## **FACTS**

8)     On or about May 31, 2014, PLAINTIFF was on the public sidewalk proximate to the intersection of 95th Street and Abbott Avenue in the Town of Surfside in the Southern District of Florida.

9)     At all times PLAINTIFF was at a location where he was legally allowed to be.

10)    At that time PLAINTIFF observed a traffic stop conducted by Surfside police officer PACHECO.

11)    PACHECO had stopped a vehicle in its lane of traffic and positioned his patrol car behind the stopped vehicle.

12)    PLAINTIFF stopped on the sidewalk across the street. He was straddling his bicycle between his legs.

13)    PLAINTIFF commenced video and audio recording the actions of PACHECO on his cell phone.

14)    PACHECO and PLAINTIFF were in public where no one possessed an expectation of privacy.

15)    PACHECO ordered PLAINTIFF to move down the street claiming PLAINTIFF was interfering with his traffic stop. PLAINTIFF told PACHECO he was not interfering with PACHECO's traffic stop and he was recording while on a public sidewalk.

16)    When PLAINTIFF spoke to PACHECO, he did so in a calm demeanor and a normal volume voice. At no time did PLAINTIFF raise the volume of his voice.

17)    At no time did PLAINTIFF interfere with the traffic stop. PLAINTIFF was simply present and exercising his First Amendment right to observe, gather information, speak and record.

-3-

18) At all times PLAINTIFF was outside of the zone of concern of PACHECO until PACHECO came to where PLAINTIFF was located.

19) PLAINTIFF questioned PACHECO as to how he was interfering with the traffic stop by standing there recording the event.

20) In response, PACHECO repeated that PLAINTIFF was interfering with the traffic stop.

21) PACHECO crossed the street questioning PLAINTIFF and again ordered PLAINTIFF to move down the street while PLAINTIFF remained at the same location.

22) PACHECO knew the item held in PLAINTIFF's hand was a cell phone/camera being used to video record the incident and all events.

23) At no time did PACHECO believe the cell phone/camera was a weapon as he told PLAINTIFF to put the "camera" down numerous times.

24) PACHECO radioed for back-up.

25) At no time did PACHECO believe PLAINTIFF was a danger to him as evidenced by PACHECO approaching PLAINTIFF before PACHECO's back-up arrived, keeping his firearm holstered, keeping his Taser holstered, not asking PLAINTIFF if he was armed and never asking PLAINTIFF to raise his hands.

26) PLAINTIFF remained at the same location and stated he had the right to be on a public sidewalk, record and speak. He further stated it was his Second (sic) Amendment right.

27) After PLAINTIFF again asked how he was interfering, PACHECO stated multiple times he would tell PLAINTIFF one more time to put the "camera" down and move.

28) PLAINTIFF stated he would leave and started to turn his bicycle to leave.

-4-

29)     PACHECO then attacked PLAINTIFF knocking the cell phone/camera to the ground.

30)     As PACHECO was grabbing PLAINTIFF, PLAINTIFF yelled at PACHECO to stop touching and assaulting him.

31)     PACHECO had no legal cause or probable cause to seize or detain PLAINTIFF.

32)     PACHECO then directed PLAINTIFF to the ground with great, unwarranted and excessive force, injuring PLAINTIFF about his body and head.

33)     As a result of being directed to the ground, PLAINTIFF was knocked unconscious.

34)     PACHECO was then joined by other officers.

35)     When PLAINTIFF regained consciousness he was lying on his back.

36)     At this time the law enforcement officers were shouting directions at PLAINTIFF as well as shining flashlights in his eyes. Their guns and tasers were unholstered and pointing at PLAINTIFF.

37)     While remaining on his back, PLAINTIFF raised his hands straight up with his palms open and fingers separated and extended.

38)     At that time, without warning, PLAINTIFF was tasered multiple times by DEFENDANT PACHECO.

39)     During the course of those events without just cause and with excessive force PLAINTIFF was pummeled and twisted, handcuffed excessively tightly and placed into a police vehicle for hours without air circulation by DEFENDANT PACHECO and other police officers of TOWN.

41)     Additionally, on numerous occasions PACHECO tasered PLAINTIFF and also drive stunned PLAINTIFF with his taser which was unnecessary, unwarranted and clearly excessive and without just cause.

42)     There was no reason to utilize a taser on PLAINTIFF.

43)     There was no reason to utilize force upon PLAINTIFF.

44)     PLAINTIFF was arrested by PACHECO for the crimes of one count of Battery of a Law Enforcement, in violation of Section 784.07, a third degree felony; two counts of Resisting Arrest with Violence, a third degree felony; and three counts of Corruption by Threat, a third degree felony.

45)     After PLAINTIFF was arrested for those charges, he and his possessions were searched and a quantity of cannabis was found.

46)     PLAINTIFF was then arrested for one count of Possession of Cannabis with Intent to Sell, a third degree felony.

47)     Following the arrest of PLAINTIFF on all charges, DEFENDANT PACHECO prepared sworn reports containing false statements and material omissions with regard to PLAINTIFF's arrest and actions and the actions of PACHECO and other officers for submission to prosecuting authorities.

48)     PLAINTIFF was transported to the Juvenile Secure Detention facility where he was held until released into his father's custody.

49)     A condition of PLAINTIFF's release from custody was that he was placed on home detention.

50)     Among the conditions of home detention, PLAINTIFF was:

i)      Required to remain confined at his residence except while attending school, employment, counseling or church during scheduled hours unless approved by the Court;

ii)      Required to inform officials of the Florida Department of Juvenile Justice ("Department") in the event of an emergency which caused him to leave the residence;

iii)      Not permitted to change his residence without approval of officials of the Department or the Court;

iv)      Not permitted the freedom of association as he was not permitted to associate with any identified co-defendants, victims and anyone deemed inappropriate by the Court, and the Department; and

v)      Not leave the county nor state without consent of the Court.

51)      As a result of PLAINTIFF's arrest for one count of Battery of a Law Enforcement, in violation of Section 784.07, a third degree felony; two counts of Resisting Arrest with Violence, a third degree felony; and three counts of Corruption by Threat, a third degree felony, many of the conditions listed were specially included.

52)      At all times material hereto, DEFENDANT PACHECO knew that the said sworn reports would be relied upon by prosecuting authorities for the institution and continuation of juvenile delinquency proceedings against PLAINTIFF.

53)      On or about June 3, 2014, the State Attorney filed a Petition for Delinquency formally charging PLAINTIFF with one count of Battery on a Law Enforcement Officer, one count of Resisting Arrest with Violence and one count of Possession of Cannabis under 20 grams, a first degree misdemeanor.

54)     On or about June 3, 2014, the State Attorney declined to file a Petition of Delinquency for one count of Resisting Arrest with Violence, a third degree felony; three counts of Corruption by Threat, a third degree felony; and one count of Possession of Cannabis with Intent to Sell, a third degree felony.

55)     On or about August 6, 2014, the State Attorney dismissed all charges against PLAINTIFF. As a result, PLAINTIFF has never been convicted by any prosecuting authority of any criminal delinquency offense or other offense as a result of his arrest in this matter.

56)     All actions performed by DEFENDANT JOSE PACHECO and other TOWN police officers were done in the course and scope of their employment by DEFENDANT TOWN.

57)     As a result of his arrest, PLAINTIFF suffered expenses for traveling to and from court and his attorney's office.

58)     As a result of the actions of PACHECO, PLAINTIFF's cell phone and bicycle were damaged by DEFENDANT PACHECO and other officers of TOWN.

## COUNT 1 - FALSE ARREST AGAINST TOWN

59)     The averments of paragraphs 1-58 are repeated herein.

60)     The actions by DEFENDANT PACHECO in arresting, handcuffing and detaining PLAINTIFF without probable cause for the offenses of one count of Battery of a Law Enforcement, in violation of Section 784.07, a third degree felony; two counts of Resisting Arrest with Violence, a third degree felony; and three counts of Corruption by Threat, a third degree felony, were taken in the absence of lawful authority and were undertaken by DEFENDANT PACHECO as a police officer, employee and agent of TOWN.

61)     The actions of DEFENDANT PACHECO constitute false arrest of PLAINTIFF.

62)     As a direct and proximate result of DEFENDANT PACHECO's false arrest of PLAINTIFF for the said offenses, PLAINTIFF suffered grievously, was brought into public scandal with great humiliation, mental suffering, and damaged reputation.

63)     As a direct and proximate result of DEFENDANT PACHECO's false arrest of PLAINTIFF for the said offenses, special conditions of release from detention were imposed.

64)     As a further direct and proximate result of DEFENDANT PACHECO's false arrest of PLAINTIFF. As a further direct and proximate result, PLAINTIFF suffered loss of his liberty and freedom, great humiliation, mental suffering, mental anguish, and loss of capacity for the enjoyment of life. PLAINTIFF's losses are either permanent or continuing and PLAINTIFF will suffer the losses in the future.

WHEREFORE, PLAINTIFF prays in regard to the DEFENDANT TOWN:

a)      Judgment for compensatory damages in excess of $15,000 Dollars;

b)      Costs of suit;

c)      Prejudgment interest;

d)      Trial by jury as to all issues so triable; and

e)      Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 2 - 42 U.S.C. § 1983 VIOLATION OF CIVIL RIGHTS CLAIM (FOURTH AMENDMENT) OF PLAINTIFF AGAINST DEFENDANT PACHECO

65)      The averments of paragraphs 1-58 are repeated herein.

.      66)      DEFENDANT PACHECO proximately caused PLAINTIFF's arrest for the offenses of one count of Battery of a Law Enforcement, in violation of Section 784.07, a third degree felony; two counts of Resisting Arrest with Violence, a third degree felony; and three counts of Corruption by Threat, a third degree felony, in the absence of probable cause that PLAINTIFF committed any criminal offense and in violation of his clearly established rights under the Fourth Amendment and 42 U.S.C. § 1983.

67)      At all times material, DEFENDANT PACHECO acted under the color of the statutes, customs, ordinances and usage of the State of Florida in the course and scope of employment as a police officer of DEFENDANT TOWN.

68)      The actions of DEFENDANT PACHECO constitute false arrest of PLAINTIFF.

69)      As a direct and proximate result of DEFENDANT PACHECO's false arrest of PLAINTIFF for the said offenses, special conditions of release from detention were imposed.

70)      As a direct and proximate result of DEFENDANT PACHECO's false arrest of PLAINTIFF for the said offenses, PLAINTIFF suffered grievously, was brought into public scandal with great humiliation, mental suffering, and damaged reputation.

-10-

71)     While DEFENDANT PACHECO was acting under the authority of the State of Florida and under color of law as a police officer in the employ of DEFENDANT TOWN, he subjected the PLAINTIFF to the deprivation of the rights and privileges secured to him by the Constitution of the United States to be secure in his person under the Fourth and Fourteenth Amendment within the meaning of 42 U.S.C. § 1983.

72)     With regard to the violations of the constitutional rights of PLAINTIFF as alleged in this count, the actions of DEFENDANT PACHECO were done with malicious intent, ill will, spite, intent to injure, evil motive, wickedness, formed design to injure or oppress PLAINTIFF and were done with a reckless or callous indifference to PLAINTIFF's federally protected rights entitling PLAINTIFF to an award of punitive damages against PACHECO in his individual capacity.

73)     As a direct and proximate result of the above-mentioned unconstitutional acts of DEFENDANT PACHECO, PLAINTIFF suffered mental anguish, loss of capacity for the enjoyment of life, physical injury, humiliation personally, and loss of his liberty and freedom and civil rights. He suffered grievously, was brought into public scandal with great humiliation, endured mental suffering and aggravation of his physical and mental condition and suffered a damaged reputation as well as damage to his property. PLAINTIFF's losses are either permanent or continuing and PLAINTIFF will suffer the losses in the future, in violation of PLAINTIFF's civil rights.

WHEREFORE, PLAINTIFF prays:

a)     Judgment for compensatory damages and punitive damages in excess of $15,000 dollars against DEFENDANT PACHECO;

b)     Cost of suit;

c)     Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

-11-

d)      Prejudgment interest;

e)      Trial by jury as to all issues so triable; and

f)      Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 3 - BATTERY - DEFENDANT TOWN

75)      The averments of paragraphs 1 - 58 are repeated herein.

76)      At all times, DEFENDANTS TOWN and PACHECO and other police officers of TOWN commenced a course of conduct such that they intended to touch or make contact with PLAINTIFF's body, actually touched PLAINTIFF, the contact was harmful or offensive and occurred without PLAINTIFF's consent.

77)      At all times, DEFENDANTS TOWN and PACHECO and other police officers of TOWN commenced a course of conduct such that their actions occurred with great force and excessive use of force causing PLAINTIFF severe bodily injury.

78)      As a direct and proximate result of the excessive use of force, PLAINTIFF suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering and damaged reputation.

79)      As a further direct and proximate result of the said excessive use of force, PLAINTIFF further suffered mental anguish, endured suffering and aggravation of his physical and mental condition and suffered a damaged reputation, physical harm, loss of capacity for the enjoyment of life, humiliation personally, and damage to his reputation and property.

WHEREFORE, PLAINTIFF prays:

a)      Judgment for compensatory damages against DEFENDANT TOWN;

b)      Costs of suit;

c)      Trial by jury as to all issues so triable; and

d)      Such other relief as this Honorable Court may deem just and appropriate.


## COUNT 4 - 42 U.S.C. § 1983 VIOLATION OF FOURTH AMENDMENT CIVIL RIGHTS EXCESSIVE FORCE - DEFENDANT PACHECO

80)     The averments of paragraphs 1-58 are repeated herein.

81)     This cause of action is brought by the PLAINTIFF against DEFENDANT PACHECO for deprivation of constitutional rights within the meaning of 42 U.S.C. § 1983.

82)     While DEFENDANT PACHECO was acting under the authority of the State of Florida and under color of law as a police officer in the employ of DEFENDANT TOWN, he subjected the PLAINTIFF to the deprivation of the rights and privileges secured to him by the Constitution of the United States to be secure in his person against the use of excessive force under the Fourth and Fourteenth Amendments within the meaning of 42 U.S.C. § 1983.

83)     With regard to the violations of the constitutional rights of PLAINTIFF as alleged in this count, the actions of DEFENDANT PACHECO were done with malicious intent, ill will, spite, intent to injure, evil motive, wickedness, formed design to injure or oppress PLAINTIFF and were done with a reckless or callous indifference to PLAINTIFF's federally protected rights entitling PLAINTIFF to an award of punitive damages against PACHECO in his individual capacity.

84)     As a direct and proximate result of the above-mentioned unconstitutional acts of DEFENDANT PACHECO, PLAINTIFF suffered mental anguish, loss of capacity for the enjoyment of life, physical injury, humiliation personally, and loss of his freedom and civil rights. He suffered

grievously, was brought into public scandal with great humiliation, endured mental suffering and aggravation of his physical and mental condition and suffered a damaged reputation as well as damage to his property.

WHEREFORE, THE PLAINTIFF prays:

a)      Judgment against DEFENDANT PACHECO for compensatory and punitive damages;

b)      Costs of suit;

c)      Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

d)      Trial by jury as to all issues so triable; and

e)      Such other relief as its Honorable Court may deem just and appropriate.

### COUNT 5- 42 U.S.C. § 1983 VIOLATION OF CIVIL RIGHTS CLAIM BY USE OF EXCESSIVE FORCE (FIRST AMENDMENT RETALIATION) BY PLAINTIFF AGAINST DEFENDANT PACHECO

85)     The averments of paragraphs 1 - 58 are repeated herein.

86)     DEFENDANT PACHECO proximately caused PLAINTIFF to suffer injuries from the use of severe, violent, unnecessary and excessive force upon him without cause nor justification.

87)      While DEFENDANT PACHECO was acting under the authority of the State of Florida and under color of law as a police officer in the employ of DEFENDANT TOWN, he subjected the PLAINTIFF to the deprivation of the rights and privileges secured to him by the Constitution of the United States to be secure in his person against the use of excessive force under the Fourth Amendment within the meaning of 42 U.S.C. § 1983.

88)     With regard to the violations of the constitutional rights of PLAINTIFF as alleged in this count, the actions of DEFENDANT PACHECO were done with malicious intent, ill will, spite, intent to injure, evil motive, wickedness, formed design to injure or oppress PLAINTIFF and were done with a reckless or callous indifference to PLAINTIFF's federally protected rights entitling PLAINTIFF to an award of punitive damages against PACHECO in his individual capacity.

89)     DEFENDANT PACHECO's use of excessive force on PLAINTIFF was in retaliation for PLAINTIFF's protected speech, right to gather information about what public officials do on public property and right to record matters of public interest under the First Amendment.

90)     The use of the excessive force by DEFENDANT PACHECO occurred in the absence of any legal, valid or authorized ground to use excessive force, and would likely deter a person of ordinary firmness from the exercise of First Amendment rights.

91)     The conduct of DEFENDANT PACHECO towards PLAINTIFF, as set forth herein, was in retaliation for PLAINTIFF's protected speech and rights under the First Amendment where among other things:

a)      PLAINTIFF told PACHECO he was not interfering with PACHECO's traffic stop;

b)      PLAINTIFF questioned PACHECO as to how he was interfering with PACHECO's traffic stop;

c)      PLAINTIFF stated he was exercising his First Amendment right to speak and record while on a public sidewalk;

d)      PLAINTIFF refused to put down his cell phone/camera; and

e)      PLAINTIFF refused to move from his location.

92)     The conduct of DEFENDANT PACHECO towards PLAINTIFF and occurred in the absence of probable cause that PLAINTIFF committed any criminal offense. *Davis v. Williams,* 451 F.3d 759, 767 (11th Cir. 2006).

93)     The conduct of DEFENDANT PACHECO towards PLAINTIFF occurred without cause nor justification, and would likely deter a person of ordinary firmness from the exercise of First Amendment rights. *Davis v. Williams,* 451 F.3d 759, 767 (11th Cir. 2006).

94)     The use of the severe, violent, unnecessary and excessive force upon PLAINTIFF occurred without cause nor justification, and would likely deter a person of ordinary firmness from the exercise of First Amendment rights. *Davis v. Williams,* 451 F.3d 759, 767 (11th Cir. 2006).

95)     The conduct of DEFENDANT PACHECO towards PLAINTIFF constitutes unlawful retaliation in violation of PLAINTIFF's clearly established rights under the First and Fourteenth Amendments, and 42 U.S.C. § 1983.

96)     As a direct and proximate result of the acts described above, PLAINTIFF suffered great humiliation, mental suffering, and damaged reputation, including business reputation/goodwill and damage to his property.

97)     As a further direct and proximate result of the conduct of DEFENDANT PACHECO, PLAINTIFF suffered loss of his liberty and freedom, mental anguish, and loss of capacity for the enjoyment of life. PLAINTIFF's losses are either permanent or continuing and PLAINTIFF will suffer the losses in the future, in violation of PLAINTIFF's civil rights.

WHEREFORE, PLAINTIFF prays:

a)      Judgment for compensatory damages and exemplary damages against DEFENDANT PACHECO;

-16-

b)      Cost of suit;

c)      Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

d)      Trial by jury as to all issues so triable; and

e)      Such other relief as this Honorable Court may deem just and appropriate.


**COUNT 6 - 42 U.S.C. § 1983 VIOLATION OF CIVIL RIGHTS CLAIM (FIRST AMENDMENT) BY PLAINTIFF AGAINST DEFENDANT PACHECO**

98)     The averments of paragraphs 1 - 58 are repeated herein.

99)     DEFENDANT PACHECO proximately caused PLAINTIFF to be denied and deprived of his First Amendment rights without cause nor justification.

100)    PACHECO arrested PLAINTIFF for the purpose of preventing PLAINTIFF from observing the activities and actions of PACHECO, gathering information about what PACHECO was doing while on public property and recording the actions of PACHECO.

100)    While DEFENDANT PACHECO was acting under the authority of the State of Florida and under color of law as a police officer in the employ of DEFENDANT TOWN, he subjected the PLAINTIFF to the deprivation of the rights and privileges secured to him by the First Amendment to the Constitution of the United States of freedoms and rights of association, assembly, demonstration, expression, right to gather information about what public officials do on public property, right to record matters of public interest and speech within the meaning of 42 U.S.C. § 1983.

101)    The said deprivation of PLAINTIFF's First Amendment rights occurred in the absence of any legal, valid or authorized ground.

-17-

102)     With regard to the violations of the constitutional rights of PLAINTIFF as alleged in this count, the actions of DEFENDANT PACHECO were done with malicious intent, ill will, spite, intent to injure, evil motive, wickedness, formed design to injure or oppress PLAINTIFF and were done with a reckless or callous indifference to PLAINTIFF's federally protected rights entitling PLAINTIFF to an award of punitive damages against PACHECO in his individual capacity.

103)     As a direct and proximate result of the acts described above, PLAINTIFF suffered great humiliation, mental suffering, and damaged reputation as well as damage to his property.

104)     As a further direct and proximate result of the conduct of DEFENDANT PACHECO, PLAINTIFF suffered loss of his liberty and freedom, mental anguish, and loss of capacity for the enjoyment of life. PLAINTIFF's losses are either permanent or continuing and PLAINTIFF will suffer the losses in the future, in violation of PLAINTIFF's civil rights.

WHEREFORE, PLAINTIFF prays:

a)     Judgment for compensatory damages and exemplary damages against DEFENDANT PACHECO;

b)     Cost of suit;

c)     Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

d)     Trial by jury as to all issues so triable; and

e)     Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 7 - MALICIOUS PROSECUTION CLAIM BY PLAINTIFF AGAINST DEFENDANT PACHECO, INDIVIDUALLY

105)   The averments of paragraphs 1 - 58 are repeated herein.

106)   On or about May 31, 2014, and thereafter, DEFENDANT PACHECO, individually, proximately caused criminal proceedings to be instituted or continued against PLAINTIFF with malice and in the absence of probable cause that PLAINTIFF had committed the offenses of Battery of a Law Enforcement Officer and Resisting Arrest with Violence by causing documents to be submitted to the State Attorney, the prosecuting authority, containing false information and material omissions.

107)   At all times material hereto, DEFENDANT PACHECO, individually, knew his documents, sworn and unsworn, would be submitted to the State Attorney and would be relied upon by the State Attorney for the institution and continuation of criminal proceedings against PLAINTIFF.

108)   Subsequently, the State Attorney proceeded against PLAINTIFF for the offenses of Battery of a Law Enforcement Officer and Resisting Arrest with Violence for which he had been arrested pursuant to the documents provided by DEFENDANT PACHECO, individually

109)   Subsequently, the criminal proceedings against PLAINTIFF were completely terminated in his favor on or about August 6, 2014, by the dismissal of the charges by the State Attorney.

110)   No probable cause existed for the prosecution of PLAINTIFF for the charges of Battery of a Law Enforcement Officer and Resisting Arrest with Violence.

111)    No reasonably cautious person in the position of DEFENDANT PACHECO, individually, would have believed PLAINTIFF was guilty-in fact of the offenses of Battery of a Law Enforcement Officer and Resisting Arrest with Violence.

112)    With regard to this count, the prosecution was initiated with the presence of malice, fraud, reckless disregard for the truth, deliberate violence or oppression or with such gross negligence as to indicate wanton disregard for the rights of PLAINTIFF, to wit: DEFENDANT PACHECO, knew no probable cause existed for the initiation of prosecution of PLAINTIFF for the offenses of Battery of a Law Enforcement Officer and Resisting Arrest with Violence.

113)    The criminal proceedings against PLAINTIFF for the offenses of Battery on a Law Enforcement Officer and Resisting Arrest with Violence were caused and initiated by DEFENDANT PACHECO acting individually.

114)    As a direct and proximate result of the malicious prosecution of PLAINTIFF, he suffered grievously, was brought into public scandal with great humiliation, endured mental suffering and aggravation of his physical and mental condition and suffered a damaged reputation.

115)    As a further direct and proximate result of the malicious prosecution of PLAINTIFF, he further suffered mental anguish, loss of capacity for the enjoyment of life, court related and travel expenses, humiliation personally, damage to reputation, and loss of his freedom.

WHEREFORE, PLAINTIFF prays:

a)      Judgment for compensatory and exemplary damages in excess of $15,000 against DEFENDANT PACHECO, individually;

b)      Costs of suit;

c)      Trial by jury as to all issues so triable;

-20-

d)      Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 8 - 42 U.S.C. § 1983 VIOLATION BY INITIATION AND PURSUIT OF PROSECUTION WITHOUT PROBABLE CAUSE -DEFENDANT PACHECO

116)    The averments of paragraphs 1 - 58 are repeated herein.

117)    With regard to this count, the prosecution for the charges filed in the Petition for Delinquency formally charging PLAINTIFF with one count of Battery on a Law Enforcement Officer and one count of Resisting Arrest with Violence were initiated with the presence of malice, fraud, deliberate violence or oppression or with such gross negligence as to indicate wanton disregard for the rights of PLAINTIFF, to wit: DEFENDANT PACHECO knew no probable cause existed for the initiation and pursuit of prosecution of PLAINTIFF.

118)    With regard to the violations of the constitutional rights of PLAINTIFF as alleged in this count, the actions of DEFENDANT PACHECO were done with malicious intent, ill will, spite, intent to injure, evil motive, wickedness, formed design to injure or oppress PLAINTIFF and were done with a reckless or callous indifference to PLAINTIFF's federally protected rights entitling PLAINTIFF to an award of punitive damages against PACHECO in his individual capacity.

119)    As a direct and proximate result of the malicious prosecution of PLAINTIFF, he suffered grievously, was brought into public scandal with great humiliation, endured mental suffering and aggravation of his physical and mental condition and suffered a damaged reputation.

120)    As a further direct and proximate result of the malicious prosecution of PLAINTIFF, he further suffered mental anguish, loss of capacity for the enjoyment of life, court related and travel expenses, humiliation personally, damage to reputation, and loss of his freedom.

WHEREFORE, PLAINTIFF prays:

-21-

a)      Judgment for compensatory and punitive damages in excess of $15,000 against

DEFENDANT PACHECO, individually;

b)      Costs of suit;

c)      Trial by jury as to all issues so triable;

d)      Such other relief as this Honorable Court may deem just and appropriate.


## COUNT 9 - 42 U.S.C. § 1983 VIOLATION BY INITIATION AND PURSUIT OF PROSECUTION IN RETALIATION FOR PLAINTIFF'S USE OF HIS FIRST AMENDMENT RIGHTS-DEFENDANT PACHECO

121)    The averments of paragraphs 1 - 58 are repeated herein.

122)    With regard to this count, the prosecution for the charges filed in the Petition for Delinquency formally charging PLAINTIFF with one count of Battery on a Law Enforcement Officer and one count of Resisting Arrest with Violence were initiated with the presence of malice, fraud, deliberate violence or oppression or with such gross negligence as to indicate wanton disregard for the rights of PLAINTIFF, to wit: DEFENDANT PACHECO initiated and pursued the prosecution of PLAINTIFF in retaliation for PLAINTIFF's use of his First Amendment Rights.

123)    With regard to the violations of the constitutional rights of PLAINTIFF as alleged in this count, the actions of DEFENDANT PACHECO were done with malicious intent, ill will, spite, intent to injure, evil motive, wickedness, formed design to injure or oppress PLAINTIFF and were done with a reckless or callous indifference to PLAINTIFF's federally protected rights entitling PLAINTIFF to an award of punitive damages against PACHECO in his individual capacity.

124)     As a direct and proximate result of the malicious prosecution of PLAINTIFF, he suffered grievously, was brought into public scandal with great humiliation, endured mental suffering and aggravation of his physical and mental condition and suffered a damaged reputation.

125)     As a further direct and proximate result of the malicious prosecution of PLAINTIFF, he further suffered mental anguish, loss of capacity for the enjoyment of life, court related and travel expenses, humiliation personally, damage to reputation, and loss of his freedom.

WHEREFORE, PLAINTIFF prays:

a)      Judgment for compensatory damages in excess of $15,000 against DEFENDANT PACHECO, individually;

b)      Exemplary damages against DEFENDANT PACHECO, individually;

c)      Costs of suit;

d)      Trial by jury as to all issues so triable;

e)      Such other relief as this Honorable Court may deem just and appropriate.

GARY KOLLIN, P.A.
1856 N. Nob Hill Road, Suite 140
Ft. Lauderdale, FL 33322
Telephone:     (954) 723-9999; Fax   (954) 791-6565
garykollin@garykollinlaw.com
pleadings@garykollinlaw.com

By: /s/ Gary Kollin
Florida Bar No. 282431